FERNÁNDEZ, DEMANDANTE Y APELANTE, *v.* LÓPEZ, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre daños y perjuicios.

No. 1555.—Resuelto en julio 9, 1917.

APRECIACIÓN DE LAS PRUEBAS—PRUEBA CONTRADICTORIA.—Siendo la prueba contradictoria y no existiendo en el juzgador pasión, prejuicio o manifiesto error en su apreciación, no irá este tribunal contra la resolución decidiendo el conflicto de la evidencia.

PRUEBAS—PREPONDERANCIA DE LA PRUEBA.—La preponderancia de la evidencia no consiste en que sea mayor el número de testigos que sostienen determinados hechos que los que sostienen lo contrario, sino que depende del efecto de dichas pruebas para inducir al juzgador a darle crédito.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Isidoro Soto Nussa y Francisco Soto Gras.*

Abogados del apelado: *Sres. Monserrät & Monserrat.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

En los primeros días del mes de febrero de 1915 ocurrió un incendio en el barrio de Puerta de Tierra de esta ciudad que destruyó un gran número de casas y entre ellas una de mampostería y dos de maderas que Juan Fernández Quinta tenía fabricadas en un solar de su propiedad, bienes que tenía hipotecados a favor de José Pérez Martínez desde el año de 1913 para responderle de un préstamo que le había hecho por la cantidad de $3,000 pagaderos en 26 de abril de 1916 que debía estar garantizado además colateralmente por la obligación que aceptó el deudor de mantener las casas aseguradas de incendio, pagando los premios del seguro mientras se hallasen vigentes los efectos del contrato.

Después del incendio y destrucción de esas casas Juan Fernández Quinta presentó demanda jurada contra José López Pérez alegando sustancialmente que dicho préstamo lo contrató por mediación del apoderado José López Pérez; que la póliza de seguro garantizadora del préstamo que fué expedida por la compañía Guardian Assurance Company, Limited, por $3,200, fué endosada al acreedor y se renovaba cada año en 29 de noviembre, habiéndola guardado siempre en su poder y también sus recibos de prórroga; que en los primeros días de noviembre de 1914, antes del vencimiento de la póliza mencionada, el demandado José López Pérez pidió al demandante la póliza de seguro y el último recibo del pago del premio correspondiente hasta el 29 de noviembre de 1914 con el fin de encargarse el demandado de obtener la prórroga y vigencia de dicho aseguro por un año más a contar desde el 29 de noviembre de 1914, en lo que consintió el demandante entregándole la póliza, y por su parte el demandado aceptó el encargo de renovarla y se obligó a su cumplimiento: que no tuvo otro conocimiento del asunto hasta el día del incendio en el que el demandado le dijo que se le había olvidado renovar la expresada póliza. La demanda concluye con la súplica de que se condene al demandado a pagarle la cantidad de $3,200 en concepto de daños y perjuicios y las costas.

El demandado negó, entre otras cosas, que concertara ese

préstamo como apoderado de José Martínez Pérez, pues lo había llevado a efecto el apoderado Félix Suárez: que haya estado alguna vez en su poder la póliza a que se refiere el demandante; que debiera mantenerla en vigor por cuenta y gestión del demandante y que contrajera obligación alguna para con él: afirmó que sólo tiene conocimiento propio de otra póliza de la misma compañía por $3,000 vencedera en 4 de enero de 1914 asegurando el riesgo de incendio en una casa de dos pisos del demandante, póliza que no es a la que se refiere éste y que aquélla fué la que entregó el 9 de diciembre de 1914, fecha en que era ineficaz por haber vencido en 4 de enero de 1914 sin haber sido renovada, la que aceptó en la creencia de que había sido prorrogada mediante el pago del premio correspondiente, según expresó el propio demandante: negó que en los primeros días de noviembre de 1914 ni en otra fecha anterior o posterior al vencimiento de la póliza mencionada por el demandante, ni de la que hace mérito en su contestación, pidiera al demandante póliza alguna ni recibo de pago de premio hasta el 29 de noviembre de 1914, ni de ninguna otra fecha, creditivo de prórroga de póliza alguna con el fin de encargarse de obtener la prórroga y vigencia del seguro ameritado a nombre del demandante por un año más a contar desde el 29 de noviembre de 1914 y también negó que aceptara llevar a cabo la prórroga de dicha póliza; asimismo negó que en la conversación que tuvo con el demandante el día del incendio le manifestara que se le había olvidado renovar la póliza a que se refiere la demanda.

Celebrado el juicio la Corte de Distrito de San Juan, Sección Primera, dictó sentencia declarando sin lugar la demanda con las costas al demandante porque según su opinión la parte demandante no probó suficientemente los hechos esenciales de su demanda. En la opinión se limitó la corte a hacer una relación de las alegaciones de las partes después de lo cual formuló la conclusión antes expuesta.

La sentencia fué apelada por el demandante, quien señala en su alegato varios errores para solicitar su revocación, subordinados a que exista el error que alega en octavo lugar,

que el apelante trata en primer término y que también nosotros consideraremos preferentemente porque si tal error no existe será innecesario tratar los otros motivos del recurso.

El octavo error alegado dice así:

"Octavo: Finalmente la corte erró al declarar en su sentencia que la prueba es insuficiente para sostener las alegaciones de la demanda; o en otras palabras, que la parte demandante no probó suficientemente los hechos esenciales de la demanda."

Como puede verse por lo que hemos reseñado de las alegaciones de las partes las cuestiones de hecho en este pleito son si el demandado pidió al demandante en los primeros días de noviembre de 1914 la póliza de seguro por $3,200 que vencía el 29 del mismo mes y año con objeto de renovarla antes de su vencimiento, si le fué entregada y si aceptó tal obligación, así como si el día del incendio manifestó al demandante que se le había olvidado renovarla. Estas cuestiones de hecho fueron resueltas en contra del demandante por el juez del tribunal *a quo* por su sentencia y por su opinión de que el demandante no había probado las alegaciones esenciales de la demanda, que son las cuestiones de hecho resueltas.

La alegación jurada de que el préstamo se hizo con el demandado como apoderado de José Martínez Pérez aparece contradicha por la escritura pública de constitución de hipoteca de la que resulta que se llevó a efecto con el apoderado Félix Suárez. En cuanto a los demás particulares, hemos leído con detenimiento la prueba que se presentó por ambas partes y llegamos a la conclusión de que resultó contradictoria, pues mientras la esposa del demandante declaró que en los primeros días de noviembre de 1914 el demandado José López Pérez le pidió por teléfono que su marido le mandara la póliza para renovarla, el demandado negó en su declaración que hiciera tal petición, habiendo declarado el testigo Félix Suárez, apoderado también de José Pérez Martínez y socio de la razón comercial "Sucs. de Pérez Hermanos," de la que forma parte el

demandado, que fué él y nó el demandado el que habló por teléfono requiriendo la entrega de la póliza en vista de los frecuentes incendios que estaban ocurriendo en Puerta de Tierra y de que nunca se le había entregado póliza alguna. También fué contradictoria en cuanto el demandante declaró que desde el principio del préstamo había entregado una póliza de $3,000 vencedera en los meses de enero, y que en noviembre entregó también la otra póliza de $3,200, vencedera el 29 de noviembre de 1914, al demandado según se dice en la demanda, y a Félix Suárez según su declaración, mientras que este testigo dijo que nunca había recibido póliza alguna hasta el 9 de diciembre de 1914 en que el demandante le entregó por primera vez una póliza de $3,000 vencedera en enero y no de $3,200 correspondiente al 29 de noviembre, y que la metió en la caja sin examinarla por haberle manifestado el demandante, empleado que fué por muchos años de su casa, que estaba vigente, aunque luego resultó al verla el día del incendio que estaba caducada desde el 24 de enero de 1914. Esta póliza fué presentada en el juicio. Hubo contradicción asimismo en cuanto a las palabras que se cruzaron entre el demandante y el demandado el día del incendio, pues mientras aquél y sus testigos manifestaron que el demandado reconoció que se le había olvidado renovar la póliza de aseguro, éste y sus testigos negaron este extremo y manifestaron que lo único que dijo el demandado sobre el particular al demandante fué ''por qué no había asegurado sus casas por mayor cantidad.''

Esos conflictos en la evidencia fueron resueltos por el juez sentenciador sin que se haya alegado por el apelante que procediera con pasión o prejuicio, y sin que nosotros podamos llegar a la conclusión que lo hizo con manifiesto error pues hubo prueba para sostener su conclusión de que el demandado no pidió al demandante la póliza de $3,200 para renovarla, que aceptara esa obligación ni que reconociera que se le había olvidado renovarla. La preponderancia de la evidencia no consiste en que sea mayor el número de testigos que sostienen

determinados hechos que los que sostienen lo contrario, sino que depende del efecto de dichas pruebas para inducir al juzgador a darle crédito. *Lausell* v. *American Railroad Co.,* 17 D. P. R. 1067.

No existiendo en el juzgador pasión, prejuicio o manifiesto error en la apreciación de las pruebas, no iremos contra su resolución decidiendo el conflicto de la evidencia, según hemos declarado en muchas sentencias.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.